# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CAROLYN BALDASSARE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: _____ |
| ) | |
| ) | |
| RLCL ACQUISITION, LLC, ) | |
| D/B/A GRAY LINE TOURS ) | JURY DEMANDED |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, **CAROLYN BALDASSARE**, by and through her attorneys, alleges for her Complaint as follows:

### I. INTRODUCTION

1. Plaintiff brings this action against RLCL ACQUISITION, LLC, D/B/A GRAY LINE TOURS for legal relief to redress unlawful violations of Plaintiff's rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.

### II. THE PARTIES

**A. THE PLAINTIFF**

2. Plaintiff, CAROLYN BALDASSARE, currently resides in Henderson, Tennessee and is a citizen of the United States.

**B. THE DEFENDANT**

3. Defendant, RLCL ACQUISITION, LLC, D/B/A GRAY LINE TOURS, is a domestic employer who, at times relevant hereto, was located within the Middle District of Tennessee, at and was an "employer" (of more than fifteen persons) within the provisions of the ADA.

1

4. The Defendant is bound by the law and regulations concerning the ADA, with amendments (ADA-AA).

### III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). The Plaintiff filed a charge of discrimination with the EEOC, she received a Notice of Right to Sue from EEOC on or about December 4, 2011, and she timely commences this action within the requisite ninety days. Accordingly, she has exhausted administrative prerequisites under ADA.

6. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391(b)-(c). Defendant conducts business within the Court's jurisdictional limits, and the claims at issue arose within the Court's jurisdictional limits.

### IV. FACTS

7. On or about November 9, 2005, Plaintiff was involved in a catastrophe accident—while driving for Gray Line, she was hit by a tractor trailer; she was hospitalized, and in a coma until approximately January 17, 2006; and she suffered brain trauma.

8. As a result of that accident, Plaintiff has a "disability" under the ADA. Namely, she is substantially limited in major life activities which include cognitive functioning—memory, problem solving, word finding, executive function, attention, and tasks of daily living. Additionally, Plaintiff suffered non-cognitive impairments due to the accident, including a heart attack, spleenectomy, collapsed lungs, and other injuries.

9. Plaintiff has received social security disability as a result of her impairments.

10. Despite her impairments, and in accordance with social security guidelines which encourage disabled individuals to obtain employment of up to 24 hours per week, Plaintiff did

obtain employment, with Defendant, for which she was qualified. That employment included working in Reservations.

11. While in Reservations, Defendant would give Plaintiff tasks to perform without adequate training, then treat her in a hostile manner. Plaintiff requested training for such tasks (a reasonable accommodation) but it was not given.

12. On or about August 4, 2010, Defendant terminated Plaintiff's employment. Plaintiff was told that "budget cuts" were the reason for the termination. However, upon information and belief, Plaintiff was the only person actually cut.

13. The reason of "budget cuts," expressed to Plaintiff, was not the true reason for her termination. The true reason for the termination was her disability (actual disability), perceived disability (Defendant's negative perceptions) and/or Plaintiff's record of (history of disability).

14. Defendant's actions, above, have denied Plaintiff income (back pay and front pay), benefits, and have caused her worry, anxiety, financial distress, humiliation, and embarrassment. Accordingly, she seeks wage loss, benefits loss, reinstatement, compensatory damages, and attorneys fees and costs.

## V. CAUSE OF ACTION UNDER THE ADA

15. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-14 herein.

16. Defendant discriminated against Plaintiff by:

    A. Terminating her because of her "disability" (actual, perceived, or record);

    B. Denying her reasonable accommodations.

## VI. PRAYER FOR RELIEF

17. WHEREFORE, the Plaintiff prays for the following relief:

A. That proper process issue along with a copy of this complaint requiring the Defendant to appear and answer;

B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay, plus prejudgment interest;

C. Any actual monetary loss sustained by the Plaintiff;

D. Compensatory damages for emotional harm, suffering, humiliation, and embarrassment;

E. Reasonable attorneys' fees;

F. The costs and expenses of this action;

G. Such other legal and equitable relief to which Plaintiff may be entitled; and

H. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC

s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
Jessica F. Salonus (TN Bar No. (28158)
101 North Highland Ave
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com

**ATTORNEYS FOR PLAINTIFF**